Filed 10/9/25  P. v. Jamison CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANNIE LEE JAMISON,<br><br>    Defendant and Appellant. | G063646<br><br>(Super. Ct. No. 95CF0169)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Dannie Lee Jamison appeals from an order denying his petition for recall and resentencing under Penal Code section 1172.75.[1] In 1996, Jamison suffered a third strike conviction. The court imposed two prison priors pursuant to section 667.5, subdivision (b), but struck the punishment.

In 2022, the Legislature passed section 1172.75, which renders invalid any one-year prison-prior enhancement previously imposed under former section 667.5, subdivision (b), except where the prior conviction was for a sexually violent offense. Section 1172.75 provides a mechanism for recalling the sentence and conducting a full resentencing.

In 2023, Jamison filed a petition for resentencing. The trial court denied the petition, concluding he was ineligible because the enhancements had been stricken. Jamison appealed.

After briefing was complete, our Supreme Court decided *People v. Rhodius* (2025) 17 Cal.5th 1050, which arose in the same context as the current case, except there, the enhancements were stayed rather than stricken. The court held that the defendant was entitled to a full resentencing, reasoning that section 1172.75 applies to any judgment where the enhancement was "imposed," regardless of whether it was ultimately executed.

We requested supplemental briefing to address the impact of *Rhodius* on the current appeal, which deals with stricken enhancements. In response, the Attorney General conceded that the reasoning in *Rhodius* is dispositive of this appeal and that this court should reverse and remand for a full resentencing under section 1172.75. We agree and will do so.

---

[1] All statutory references are to the Penal Code.

## DISPOSITION

The postjudgment order denying Jamison's petition undersection 1172.75 is reversed. The matter is remanded to the trial court with directions to strike the enhancements under section 667.5, subdivision (b), and conduct a full resentencing hearing consistent with section 1172.75.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.